Jodi E. Lopez (SBN 231117)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: jlopez@sidley.com

David F. Graham (*pro hac vice pending*)
Hille R. Sheppard (*admitted pro hac vice*)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: dgraham@sidley.com
Email: hsheppard@sidley.com

*Counsel for Defendants The Western Union Company, Hikmet Ersek, and Rajesh K. Agrawal*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTIN HERMAN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

THE WESTERN UNION COMPANY, HIKMET ERSEK, SCOTT T. SCHEIRMAN, and RAJESH K. AGRAWAL,

Defendants.

Case No. 2:17-CV-00650

Assigned to: Honorable Consuelo B. Marshall, Ctrm. 8B

**DEFENDANTS' *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING AND EXPEDITED BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO TRANSFER**

Date: N/A
Time: N/A
Place: Courtroom 8B

Defendants The Western Union Company ("Western Union"), Hikmet Ersek, and Rajesh K. Agrawal ("Defendants") respectfully apply *ex parte* for an order shortening time for any hearing on their Motion to Transfer, filed concurrently herewith. Defendants also seek relief from Local Rule 7-3 and a shortened briefing schedule to permit expedited resolution of the Motion to Transfer. Specifically, Defendants ask that the Court order that any response or opposition to the Motion to Transfer be filed on or before March 10, 2017 with Defendants' reply brief to be filed on or before March 14, 2017. Defendants further request that the Motion to Transfer be heard on March 21, 2017 at 10:00 a.m. As grounds for this application, Defendants state as follows:

Defendants seek an expedited transfer of this putative securities class action to the District of Colorado in the interests of justice and for the convenience of the parties and witnesses. The individual defendants are all located in Colorado, as is Western Union's headquarters, which is the locus of witnesses, documents and activities pertaining to the securities filings at issue in this litigation. Moreover, there is already a virtually identical case pending in the District of Colorado, and it is not only appropriate but necessary that these overlapping securities cases proceed together.

The complaint has been brought against Western Union, its Chief Executive Officer ("CEO"), Mr. Ersek; its Chief Financial Officer ("CFO"), Mr. Agrawal; and its former CFO, Mr. Scheirman. It was filed in the wake of agreements that Western Union entered into on January 19, 2017 with the United States Department of Justice and four U.S. Attorney's Offices (collectively, the "DOJ Agreement") and the Federal Trade Commission, regarding certain alleged anti-money laundering and consumer fraud violations. Under the DOJ Agreement, Western Union agreed, among other things, to pay a total of $586 million to the federal government for compensation of victims of certain conduct *that had occurred years earlier*, i.e., during the period between 2004 and 2012. Indeed, the DOJ Agreement acknowledged the following in

a Statement of Facts:

> "Since at least September 2012, Western Union took remedial measures and implemented compliance enhancements to improve its anti-fraud and anti-money laundering programs. These remedial measures and compliance enhancements were taken at the direction of the Chief Executive Officer, the General Counsel, and the Chief Compliance Officer and reflect their ongoing commitment to enhancing compliance policies and procedures."

DOJ Agreement ¶ 100. Nonetheless, based on the January 19, 2017 agreements, Plaintiff alleges that certain statements made in Western Union's Form 10-K filings with the Securities and Exchange Commission during the period between February 24, 2012 and January 19, 2017, primarily concerning Western Union's anti-money laundering and fraud prevention compliance programs, were intentionally false and misleading.

Two other similar putative securities class actions, brought against the very same Defendants, and covering the same time frame as the class period in this case, have also been filed in the wake of these agreements, one in the United States District Court for the District of Colorado and the second in the United States District Court for the Middle District of Pennsylvania.

As detailed in the Motion to Transfer, this Court should transfer this case to the District of Colorado because the locus of operative facts, key witnesses, and documents is in Colorado. Western Union is a Delaware corporation headquartered in Englewood, Colorado, and Messrs. Ersek, Agrawal, and Scheirman all reside in the Denver metropolitan area. Moreover, a common transfer of this case and the Pennsylvania case[1] to a single sensible jurisdiction where a similar case is pending is plainly in the interests of justice. Such a transfer will prevent the inefficiencies of

[1] Defendants are also filing a motion to transfer the Pennsylvania action to the District of Colorado.

litigating identical claims in three different fora, which would also be at odds with the procedures contemplated by the Private Securities Litigation Reform Act of 1995 ("PSLRA") including regarding lead plaintiff appointments in securities cases. For these reasons, the Motion to Transfer is not complicated and highly meritorious.

Time is of the essence in the consideration of the Motion to Transfer because, pursuant to the PSLRA, the current deadline for lead plaintiff motions to be filed in this case is March 27, 2017.[2] As noted above, there are three parallel putative class actions currently proceeding in three different jurisdictions. The filing of these related lawsuits has, in turn, been accompanied in each instance by the publication of a notice informing members of the purported plaintiff class of the pendency of the lawsuit and of their ability to move for appointment as lead plaintiff by a deadline of March 27, 2017.[3] The notice published by Plaintiff's counsel in this case refers only to the putative class action filed by them, and does not even mention that the action was filed in this Court. (Lopez Decl. Ex. C.) By contrast, both of the notices published by counsel in the Colorado and Pennsylvania cases specifically identify the district and docket number of their respective putative class actions, but neither mentions that there are any other actions pending. (Lopez Decl. Exs. D-E.)

Accordingly, absent transfers which would enable consolidating these three lawsuits in a single logical court, the prospect looms of three different sets of "lead plaintiff" applications being filed and presented in three different courts (depending upon which notice a potential plaintiff happens to see), all with respect to the *same* set of claims on behalf of the *same* putative class members identified in

---

[2] In addition, under the PSLRA, this Court shall "consider" any lead plaintiff motion(s) in this action by April 26, 2017. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).
[3] This deadline is a function of the requirements established by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A), and is triggered by the first published notice.

this action. And, under the PSLRA, each court could be required to "consider" any lead plaintiff motions before it within thirty days, i.e., by April 26, 2017 (15 U.S.C. § 78u-4(a)(3)(B)(i)) – even though, at the end of the day, there cannot be multiple appointments of lead plaintiffs to represent the very same putative class with respect to the very same putative claims.

Defendants have asked Plaintiff to agree to expedited consideration and briefing, but Plaintiff refused expediting the Motion for Transfer. Pursuant to L.R. 7-3, Defendants sought to meet and confer with Plaintiff's counsel regarding the Motion to Transfer on March 2, 2017. On that same day, and pursuant to L.R. 7-19, counsel for Defendants gave notice of the proposed Ex Parte Application to Plaintiff's counsel. Plaintiff's counsel conveyed that Plaintiff opposed both the Motion to Transfer and the Ex Parte Application. *See* Declaration of Hille R. Sheppard in Support of Ex Parte Application ("Sheppard Ex Parte Decl.") ¶¶ 2-3. In light of Plaintiff's firm opposition to the Motion to Transfer and the impending lead plaintiff application deadline, Defendants could not delay filing the Motion to Transfer any further.

Expediting this motion would not prejudice Plaintiff. To the contrary, resolving the question of transfer quickly will aid Plaintiff, and any other person or entity, seeking lead plaintiff designation, by resolving the venue for this action and, if transfer is granted, ensuring that the PSLRA process proceeds efficiently and in an orderly fashion to consolidate all three pending class actions. And, of course, a transfer would include any lead plaintiff applications that may happen to be filed in this Court, which would then be before the District of Colorado together with any applications filed in any other court in which transfer likewise is being sought – thereby allowing for an orderly process.

For the reasons set forth herein, Defendants ask that the Court relieve them from the requirement of L.R. 7-3 to meet and confer 7 days in advance of the filing of the Motion to Transfer (the meet and confer commenced 4 days prior to filing)

and order that any response to the Motion to Transfer be filed by March 10, 2017, with any reply brief filed by March 14, 2017, and ask that the matter be deemed fully submitted on March 14, 2017. Defendants further request that the Motion to Transfer be heard on March 21, 2017, at 10:00 a.m.

Dated: March 6, 2017

**SIDLEY AUSTIN LLP**

By: /s/ Jodi E. Lopez

Jodi E. Lopez (SBN 231117)
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: jlopez@sidley.com

David F. Graham (*pro hac vice pending*)
Hille R. Sheppard (*admitted pro hac vice*)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: dgraham@sidley.com
Email: hsheppard@sidley.com

*Counsel for Defendants The Western Union Company, Hikmet Ersek, and Rajesh K. Agrawal*